UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ORLANDO D. SANSOM, | ) | CASE NO. CV 08-03227 CAS (RZ) |
| Petitioner, | ) ) | ORDER TO SHOW CAUSE |
| vs. | ) ) | |
| BEN CURRY, WARDEN, | ) ) | |
| Respondent. | ) ) | |

The Court issues this Order To Show Cause directed to Plaintiff because the face of the petition suggests that the action may be time-barred.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1). (The limitations period will start instead on one of the following dates, whichever is latest, if any of them falls after the petitioner's conviction becomes final: the date on which a State-created impediment – itself a violation of Constitutional law – was removed; the date on which a newly-recognized Constitutional right was established; and the date on which the factual predicate for the claims could have been discovered. 28 U.S.C. § 2244(d)(1).) The time spent in state court pursuing collateral

relief is excluded, 28 U.S.C. § 2244(d)(2), and the Courts have held that the statute also is subject to equitable tolling. *See Miles v. Prunty*, 187 F.3d 1104 (9th Cir. 1999).

The current petition was signed on April 22, 2008 (although it was not filed until May 15). From the face of the petition and from judicially-noticeable materials, the Court discerns that –

(a) On March 1, 1995, Petitioner was convicted of vehicle burglary. Due to the state's "Three Strikes" sentence-enhancement law for recidivists and his prior record, he was sentenced to state prison for 25 years to life.

(b) Petitioner appealed, but the California Court of Appeal and California Supreme Court both affirmed, the latter on April 10, 1996. His conviction became final 90 days later, when his deadline for seeking *certiorari* from the Supreme Court of the United States expired.

(c) Four and a half years passed. On October 2, 2000, Petitioner petitioned the trial court for habeas relief. On an unspecified date, that court denied relief.

(d) Six and a half more years passed. On March 15, 2007, Petitioner again petitioned for habeas relief in the trial court, but that court denied relief on the same date. The California Supreme Court denied his final petition on January 3, 2008.

By the time Petitioner filed this action in April or May 2008, his limitations period would appear to have long since expired. The foregoing information suggests that his limitations period ended in mid-July of 1997, one year after his conviction became final. Petitioner's post-expiration commencement of state-habeas challenges to his conviction would not render this action timely. *See Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000).

Unless this Court has miscalculated the limitations period, or some form of additional tolling applies in sufficient measure, this action is time-barred. No basis for equitable tolling – extraordinary circumstances that made it beyond Petitioner's control to file on time (*see Miles, supra*) – appears from the face of the petition.

This Court may raise *sua sponte* the question of the statute of limitations bar, so long as it gives Petitioner an opportunity to be heard on the matter. *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001). Accordingly, Petitioner shall show cause why this action should not be dismissed as being barred by the one-year statute of limitations. Petitioner shall file his response to the Court's Order to Show Cause not later than 21 days from the stamped filing date of this Order.

If Petitioner does not file a response within the time allowed, the action may be dismissed for failure to timely file, and for failure to prosecute.

IT IS SO ORDERED.

DATED: May 21, 2008

　　　　　　　　　　　　　　　　　　　／s／ Ralph Zarefsky
　　　　　　　　　　　　　　　　　　　RALPH ZAREFSKY
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE